SEALED CASE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA      3:18CR291(AWT)

    vs.

KEVIN JONES, II, ET AL
                                   HARTFORD, CONNECTICUT
                Defendants      MAY 6, 2019

- - - - - - - - - - - - - - - - - x

<u>TELEPHONIC STATUS CONFERENCE</u>

    BEFORE:

        HON. ALVIN W. THOMPSON, U.S.D.J.


APPEARANCES:


    FOR THE GOVERNMENT:

        OFFICE OF THE UNITED STATES ATTORNEY
        1000 Lafayette Boulevard, 10th floor
        Bridgeport, Connecticut 06604
        BY: KAREN A. PECK, AUSA

    FOR THE DEFENDANT, Kevin Jones, II:

        KOFFSKY & FELSEN
        1261 Post Road
        Suite 202B
        Fairfield, Connecticut 06824
        BY: BRUCE D. KOFFSKY, ESQ.

    FOR THE DEFENDANT, Kevin Jones, Sr.:

    SILVESTER & DALY
    300 State Street, Suite 507
    New London, Connecticut 06320
    BY: ROBERT F. KAPPES, ESQ.

                                Corinna F. Thompson, RPR
                                Official Court Reporter

```
                                                              2
                        SEALED CASE
 1    APPEARANCES cont'd:
 2
             FOR THE DEFENDANT, Shawn Woodard:
 3
             BANSLEY LAW, LLC
 4           1271 Boston Post Road, Suite
             Old Saybrook, Connecticut  06457
 5           BY:  WALTER C. BANSLEY, IV, ESQ.
 6
             FOR THE DEFENDANT, Donald Lawlor:
 7
             LAW OFFICE OF PETER SCHAFFER
 8           1127 High Ridge Road
             PMB 330
 9           Stamford, Connecticut 06905-1203
             BY:  PETER J. SCHAFFER, ESQ.
10
11           FOR THE DEFENDANT, Julien Delepine:
12           BRUCK TISCHLER
             14 NE 1st Avenue, Suite 400
13           Miami, Florida  33132
             BY:  DUSTIN TISCHLER, ESQ.
14
15
16
17
18
19
20
21
22
23
24
25
```

2:30 p.m.

MR. SCHAFFER: Peter Schaffer.

THE COURT: Hi Mr. Schaffer. How are you?

MR. KOFFSKY: Hi, Judge. Attorney Bruce Koffsky and I'm also standing in for Jeremiah Donovan who I believe is on trial.

THE COURT: Maybe it will be help if you all identify yourselves for the record and who you represent.

MR. KOFFSKY: I apologize. Attorney Bruce Koffsky. Kevin Jones, Jr.

MR. SCHAFFER: And Peter Schaffer for Donald Lawlor.

MR. KAPPES: Good afternoon, Your Honor. Robert Kappes and I represent Kevin Jones, Sr.

MR. TISCHLER: Good afternoon. Dustin Tischler on behalf of Julian Delepine.

MR. KOFFSKY: Your Honor, this is Attorney Bruce Koffsky.

One of the things we may talk about, I don't know who Jeremiah represents because I'm unable to print anything out because it's still under seal.

THE COURT: I know who it is. It's Phillip

1  Chiaia. He's Defendant Number 5.
2              MR. KOFFSKY: Okay.
3              MR. BANSLEY: Good afternoon. Walt Bansley
4  for Shawn Woodard.
5              THE COURT: And Mr. O'Reilly is excused. He
6  was on a call with me earlier with respect to another
7  case in which his client is a defendant, a related case.
8              Do we have counsel for the government on?
9              MS. PECK: Yes, Your Honor. Karen Peck is
10 here for the government.
11             THE COURT: Great.
12             I assume you filed the same status report in
13 this case as you did in the other case?
14             MS. PECK: This is the Jones case, Your Honor.
15 I attempted to but the file is under seal so they
16 wouldn't allow me to file it in this case.
17             THE COURT: But if you could have, you would
18 have filed the same report?
19             MS. PECK: I filed it in the other cases, but
20 it would have been the exact same report in this case.
21             THE COURT: All right.
22             Let me just outline for counsel that in a
23 related case we just had a call and we agreed, based on
24 where things are, that it made sense to simply continue
25 jury selection to July 3 as a placeholder and have a

1  call the last week of June just to see where things are.
2  But at this point it's premature to put a firm
3  scheduling order in place.
4      Let me just hear from defense counsel anything
5  that they want me to be aware of and anything else that
6  you think I should be aware of, Ms. Peck.
7      MS. PECK: Thank you, Your Honor.
8      MR. KOFFSKY: Your Honor, Attorney Koffsky for
9  Kevin Jones, Jr. We have no objection to that. I know
10 Attorney Peter Schaffer and I are starting a mortgage
11 fraud case in another district starting June 3. I just
12 wanted to notify the Court we may not be available that
13 last week of June if this matter goes over.
14      The other thing I would request, Your Honor,
15 is there a reason that the matter is under seal, Your
16 Honor?
17     MS. PECK: Yes, there is a reason. There is
18 an arrest warrant that needs to be executed and as soon
19 as it is we will move to unseal.
20     MR. KOFFSKY: Can I ask Ms. Peck if we can get
21 a copy of the docket sheet even though it's under seal?
22 Is that possible?
23     MS. PECK: I have no problem emailing you guys
24 the status reports and I can email to each counsel in
25 this case. It would not allow me to access the file at

1  all when I tried to file this electronically.
2  　　　　　I can email the status report that I tried to
3  file and I filed in a related case to each counsel of
4  record in this case after I finish with these conference
5  calls today.
6  　　　　　THE COURT: Ms. Peck, would you like us to
7  send you a PDF of the docket sheet? Would that be
8  helpful?
9  　　　　　MS. PECK: Certainly, Your Honor. That would
10 be helpful.
11 　　　　　THE COURT: We'll send it out to you and you
12 can send it out with the other things to counsel, if you
13 like.
14 　　　　　MS. PECK: Okay.
15 　　　　　MR. KOFFSKY: Thank you, Your Honor.
16 　　　　　MR. TISCHLER: If I can ask, Your Honor, is
17 there a reason why it would be premature to set a trial
18 date certain at this point? I don't believe the
19 government has any more discovery that they're sending
20 out. My client is ready for trial.
21 　　　　　THE COURT: I have a defendant who was just
22 charged and does not have a lawyer yet.
23 　　　　　MS. PECK: Yes, Your Honor. And there
24 probably will be additional discovery. We are
25 continuing to get some things in. But there is an

1  additional defendant in the case.
2              THE COURT: Any other questions?
3              Who was that that asked that?
4              MR. TISCHLER: Dustin Tischler on behalf of
5  Mr. Delepine.
6              THE COURT: Thank you.
7              I'm making a note about that, Mr. Delepine, so
8  that we can. I have a series of related cases and I'll
9  have to decide the order in which to try them, assuming
10 they all go to trial.
11             MR. KOFFSKY: Your Honor, this is Attorney
12 Bruce Koffsky. I'm prepared to sign a waiver of speedy
13 trial certainly through the fall. My client has
14 recently been indicted on a charge that increases his
15 punishment. I've got other matters that are just as
16 important, if not more important, that are already
17 scheduled for trial through the end of the year,
18 including a capital case in the Southern District of New
19 York.
20             Just so the Court knows, as lead defendant I
21 would be more than happy to file a waiver of speedy
22 trial for the next several months.
23             THE COURT: Well, it sounds as though we don't
24 have a unanimous view on the part of the counsel here so
25 what I will have to do when we're ready to set a firm

1  trial date is have counsel and their clients in and hear
2  from everybody before I make any determination in terms
3  of -- sounds as though I might have a motion to continue
4  jury selection that might not be joined in by all
5  defendants, in which case they will have to be there to
6  be heard.
7        At this point I'm -- it sounds as though --
8  well, all counsel --
9        MR. TISCHLER: Is it possible for me to confer
10 with my client on that issue? My client is pushing for
11 a trial. If it's not going to happen, if we have to
12 come to court for it, he may change his mind. I'm not
13 sure.
14       THE COURT: At this point do we have a
15 unanimous view among defense counsel that continuation
16 of the jury selection to July 3 makes sense?
17       MR. SCHAFFER: Yes, Judge. Peter Schaffer for
18 Donald Lawlor. Should we do our current waiver of
19 speedy trial from the current date in May until July 3,
20 or as Attorney Koffsky suggested, to some date beyond
21 that?
22       THE COURT: Let me do this --
23       MR. SCHAFFER: Had we been picking a date
24 today, my suggestion would have been in early 2020.
25       THE COURT: Okay.

1     MR. SCHAFFER: I think I'm aligned with
2  Attorney Koffsky as far as having other matters that I
3  have to resolve that are older cases.
4     THE COURT: Why don't we do this: I'll just
5  go down the list and I'll ask counsel to tell me to what
6  date they would like to waive, but I'm going to treat
7  all of the discussions as a motion to continue jury
8  selection to July 3. You can have the speedy trial
9  waiver done to whatever date you want, but if I have
10 someone who wants to go to trial sooner than others
11 wanting to, I will have to have a conference to hear
12 from everybody before setting a date, because I'll have
13 to balance the competing desires.
14    So for Mr. Jones we have a motion to continue
15 to July 3. Mr. Koffsky's client Jones.
16    MR. KOFFSKY: Yes, that's correct, Your Honor.
17    THE COURT: But you would prefer to go into
18 when, Mr. Koffsky?
19    MR. KOFFSKY: Your Honor, I would request that
20 the Court set a status conference after September.
21    THE COURT: I'm not going to do that.
22    I'm going to set a status conference in June
23 and people will call in or communicate by email. We'll
24 have to do it after hours.
25    MR. KOFFSKY: I would certainly file a waiver

1  into September, Your Honor.
2              THE COURT: Fine.
3              And then Mr. O'Reilly has already indicated.
4  He's taken care of.
5              And then Mr. Bansley on behalf of Shawn
6  Woodard. You only said no objection.
7              MR. BANSLEY: I'm fine with a continuance.
8              THE COURT: You're fine with the continuance.
9  You broke up. Is that what you said?
10             MR. BANSLEY: That's correct, Your Honor.
11             THE COURT: Mr. Schaffer, you wanted to be, on
12 behalf of Donald Lawlor, some time into 2020, right?
13             MR. SCHAFFER: Yes, Judge. So I'm fine with
14 the continuance for now.
15             THE COURT: And then Mr. Koffsky, do you have
16 any input from Mr. Donovan?
17             MR. KOFFSKY: He would waive as well, Your
18 Honor.
19             THE COURT: And then Mr. Tischler?
20             MR. TISCHLER: I'm sorry. Did you say June 3
21 or July 3?
22             THE COURT: July 3.
23             MR. TISCHLER: For right now the date is on
24 July 3. Is it possible to make it the 2nd?
25             THE COURT: We're going to have the conference

1     some time in June.  I'll probably try to do it on
2     June 24.  This is the continuance of jury selection
3     date.  At that time -- that's a placeholder.
4              MR. TISCHLER:  Okay.
5              THE COURT:  And before that we will talk about
6     and hopefully agree upon a firm date.
7              MR. TISCHLER:  Okay.  That's fine.  I will be
8     out of town that July 3 so I can't go to trial that
9     week.
10             THE COURT:  You don't have to worry about it.
11    I won't be here either, or at least I'm leaving the --
12    will I be here?
13             Mr. Kappes on behalf of Mr. Jones, Sr.?
14             MR. KAPPES:  No objection to continuing the
15    jury selection date, Your Honor.  I will be filing a
16    speedy trial waiver through the fall.
17             THE COURT:  All right.  So it sounds as though
18    we will have some -- I guess, Mr. Tischler, it would be
19    helpful if you can have a conversation with your client
20    and get his view.
21             MR. TISCHLER:  I can tell Your Honor that he
22    is not going to be okay with waiting until 2020.  He's
23    anxious.  I don't know if we need to at some point have
24    that conversation.  But he's not going to -- even if
25    it's September, he's not going to wait that long.

1    THE COURT: Is your client detained?
2    MS. PECK: No, Your Honor, he's not.
3    THE COURT: So knowing that we have that
4    issue, Mr. Koffsky and Mr. Schaffer, are you the ones
5    doing the mortgage fraud trial?
6    MR. SCHAFFER: Yes, Judge.
7    THE COURT: When does that start?
8    MR. SCHAFFER: June 3.
9    THE COURT: So we may have to see if we can
10   get everybody -- Ms. Peck, would we have a good sense as
11   to jury selections -- a firm schedule, say, early June
12   or end of May?
13   MS. PECK: I would say perhaps, Your Honor.
14   THE COURT: Once we get our new defendant on
15   board.
16   MS. PECK: I think we might have a better idea
17   at that point.
18   THE COURT: Okay.
19   MS. PECK: Maybe mid June.
20   THE COURT: Why don't we do this --
21   MS. PECK: It's already May 6. I mean, we can
22   certainly see where we are by the very beginning of June
23   and alert the Court at that point.
24   THE COURT: I think we'll have to have a
25   conference, if Mr. Koffsky and Mr. Schaffer are going to

be unavailable before they become available, we will move based on the information we have. But we do have to make sure that our last defendant is in and has been arraigned.

I'll ask Ms. Peck to contact my chambers and remind me and we'll put something on, too, as long as that defendant has counsel.

Let's get a date to have everybody in court and come up with a schedule so I can balance these competing desires.

MS. PECK: Yes, Your Honor. We can do that.

THE COURT: All right. So for now we have a continuance to July 3 and as soon as our newly added defendant is represented, we'll schedule an in-court status conference with the defendants so everybody can be heard in terms of their desire for a jury selection date and trial date.

Everybody can go ahead and send in their speedy trial waivers and we'll take it from there.

Thank you very much. Bye-bye.

(Recess at 2:45 p.m.)

C E R T I F I C A T E

UNITED STATES VS. KEVIN JONES, II, ET AL

3:18CR291(AWT)

I, Corinna F. Thompson, RPR, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages, pages 1 - 13, are a true and accurate transcription of my shorthand notes taken in the aforementioned matter on May 6, 2019, to the best of my skill and ability.

/s/_____

CORINNA F. THOMPSON, RPR
22 Bridge Lane
Enfield, Connecticut 06082
(860) 712-8345
corinna.thompson2@gmail.com